IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 103-13668 |
| ERNEST JOHN BAPTISTA, JR., AND ) | CHAPTER 13 |
| ALEXANDRA EMMA BAPTISTA, ) | |
| ) | JUDGE HARRISON |
| Debtors, ) | |
| ) | |
| HENRY EDWARD HILDEBRAND, III, ) | ADV. NO. 104-0288A |
| TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HOUSEHOLD MORTGAGE ) | |
| SERVICES, INC., MORTGAGE ) | |
| ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC., AND ) | |
| ERNEST JOHN BAPTISTA, JR., AND ) | |
| ALEXANDRA EMMA BAPTISTA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court upon cross motions for summary judgment filed by the Trustee and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"). For the following reasons, the Court finds that the Trustee's motion for summary judgment should be granted and MERS' motion for summary judgment should be denied.

## I. BACKGROUND

The material facts are not in dispute.

1. On July 18, 2003, the debtors obtained a loan in the principal amount of $89,000 from First Indiana Bank, N.A. (hereinafter "First Indiana"). The debtors secured the loan by a deed of trust on the property, dated July 18, 2003, and recorded on August 15, 2003.

2. Also on July 18, 2003, the debtors obtained another loan from First Indiana, in the principal amount of $26,000. The debtors secured this loan by a deed of trust on the property, dated July 18, 2003, and recorded on August 15, 2003.

3. The proceeds of the loans secured by First Indiana's deed of trust and the junior First Indiana deed of trust were used to pay off the loans secured by the prior deeds of trust held by GMAC Mortgage Corporation of Pennsylvania and Firstplus Financial, Inc.

4. GMAC Mortgage Corporation of Pennsylvania executed a deed release, which was recorded on August 28, 2003.

5. First Plus Financial, Inc., executed a deed release, which was recorded on August 22, 2003.

6. On October 24, 2003, the debtors filed a voluntary Chapter 7 petition.

7. The second loan, in the amount of $26,000, was being serviced by Household Mortgage Services, Inc., who assigned the deed of trust to MERS on February 3, 2004. It is this second loan that is at issue in this adversary proceeding.

8. The Chapter 7 Trustee filed this adversary on February 3, 2004.

9. The debtors converted the case to Chapter 13 on February 26, 2004.

10. The Chapter 13 Trustee was appointed and was substituted as the plaintiff on April 27, 2004.

## II. ARGUMENTS

The Trustee argues that MERS' deed of trust is avoidable as a preference under 11 U.S.C. § 547(b) because it was not timely perfected and because the transfer occurred within the 90 days prior to the bankruptcy filing. Specifically, the Trustee submits that, pursuant to 11 U.S.C. § 547(e)(2), the refinancing transaction had to be recorded within 10 days for the transaction to be a contemporaneous exchange and that equitable subrogation is not a defense.

MERS' sole defense is that it is entitled to be equitably subrogated under Tennessee law to the prior mortgage in that but for the even greater delay in recording the releases of the prior deeds of trust, the 28-day delay in recording its deed of trust might have rendered it a preferential transfer. Because the prior deeds of trust were not released until well after the First Indiana deed of trust was recorded, an intervening purchaser would have been on notice of the prior deeds of trust and would have assumed the existence of liens on the property. Under Tennessee law, MERS asserts that its deed of trust was subrogated to the prior deeds of trust, as against an intervening purchaser or lienholder. Thus, MERS submits, the deed of trust was perfected, for purposes of 11 U.S.C. § 547 even before it was actually recorded.

## III. SUMMARY JUDGMENT STANDARDS

Federal Rule of Bankruptcy Procedure 7056 states that Federal Rule of Civil Procedure 56, governing summary judgments, applies in adversary proceedings. Rule 56(c) provides, in part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c) sets forth a two-pronged test: (1) whether there is a genuine issue of material fact for trial; and (2) whether the law entitles the moving party to a judgment in the absence of a genuine dispute of a material fact.

The parties agree that there are no material facts in dispute and that the matter is appropriate for summary judgment.

## IV. DISCUSSION

Federal law creates and defines what transfers a Trustee may avoid as preferences. 11 U.S.C. § 547(b) provides that a transfer made by an insolvent debtor within 90 days of the bankruptcy petition to a creditor on account of an antecedent debt is a preferential transfer. The parties dispute whether the transfer in this case was for or on account of an antecedent

4-U.S. Bankruptcy Court, M.D. Tenn.

debt or whether it was a contemporaneous exchange. The answer is found in 11 U.S.C. § 547(e)(2), which provides:

> For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made --
>
>> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (e)(3)(B);
>>
>> (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
>>
>> (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of --
>>
>>> (i) the commencement of the case; or
>>>
>>> (ii) 10 days after such transfer takes effect between the transferor and the transferee.

Thus, 11 U.S.C. § 547(e)(2) defines when a transfer is made and whether the transfer is a contemporaneous exchange for purposes of this federal act. *See Hildebrand v. Res. Bancshares Mortgage Group (In re Cohee)*, 178 B.R. 154, 157 (Bankr. M.D. Tenn. 1995). Under this provision, First Indiana had 10 days to perfect its security interest in the debtors' property in order for the transfer to relate back to the time the debtors completed the refinancing transaction that granted First Indiana a security interest.[1] There is no question

---

[1] Because this refinance loan was assigned to MERS, it steps into the shoes of First Indiana. Therefore, MERS is bound by First Indiana's delay in recording the deed of trust.

5-U.S. Bankruptcy Court, M.D. Tenn.

Case 1:04-ap-00288   Doc 28   Filed 03/31/05   Entered 03/31/05 15:22:38   Desc Main
Document      Page 5 of 9

that First Indiana did not perfect its security interest within the 10 days. Instead, MERS asserts that the state law doctrine of equitable subrogation should be applied to find that the transfer was a contemporaneous exchange.

The language of 11 U.S.C. § 547(e)(2) is clear as to what was required of First Indiana regarding perfection of its security interest. The only way this Court could apply the doctrine of subrogation would be to exercise its equitable powers under 11 U.S.C. § 105(a). These powers are not without limit and cannot be used to disregard the clear language and meaning of the Bankruptcy Code. *See Rouse v. Chase Manhattan Bank, U.S.A., N.A. (In re Brown)*, 226 B.R. 39, 44-45 (W.D. Mo. 1998). The Bankruptcy Code grants the Trustee the right to avoid transfers within the preference period, and the perfection of a lien within the preference period is a transfer that the Trustee can avoid. To find the doctrine of equitable subrogation applicable to this statutory right of action would directly circumvent the obvious result intended by the Code. *See id.* at 45; *Sheehan v. Valley Nat'l Bank (In re Shreves)*, 272 B.R. 614, 622 (Bankr. N.D. W. Va. 2001).

Accordingly, this Court finds that the state doctrine of equitable subrogation is not available to thwart the clear language of § 547(e)(2) which gave First Indiana 10 days in which to perfect its lien on the refinanced property. *See Limor v. Countrywide Home Loans (In re Mosley)*, Adv. No. 303-0485A (Bankr. M.D. Tenn. Feb. 20, 2004) (equitable

subrogation not a defense to Trustee's preference action where creditor did not record lien within 10-day lookback period); *Boyd v. Superior Bank FSB (In re Lewis)*, 270 B.R. 215 (Bankr. W.D. Mich. 2001) (residential refinancing lender invoked doctrine of equitable subrogation as a defense to Trustee's preference action, and court found failure to perfect within 20-day lookback period was avoidable preference); *Sheehan v. Valley Nat'l Bank (In re Shreves)*, 272 B.R. 614 (lender who refinanced prior vehicle loan could not utilize doctrine of equitable subrogation to step into shoes of the original lender); *Rouse v. Chase Manhattan Bank, U.S.A., N.A. (In re Brown)*, 226 B.R. 39 (creditor was not entitled to be equitably subrogated to PMSI holder's previously perfected position when creditor refinanced mobile home loan).[2]

Moreover, even if the Court were to find that equitable subrogation is available despite 11 U.S.C. § 547(e)(2), it would not apply to the facts of this case. *See Limor v. Countrywide Home Loans (In re Mosley)*, Adv. No. 303-0485A, at *6.

Under Tennessee law, "[s]ubrogation is the substitution of a party in the place of a creditor, so that the party in whose favor subrogation is exercised succeeds the creditor in

---

[2] The Court points out the recently released opinion in *Superior Bank, FSB v. Boyd (In re Lewis)*, 398 F.3d 735 (6th Cir. 2005), where the Sixth Circuit considered a bank's equitable subrogation argument in a preference case. The Sixth Circuit did not address, nor did the parties apparently raise, the issue of whether equitable subrogation could create a contemporaneous exchange defense under § 547. Instead, the Sixth Circuit held that under Michigan law, the bank would not be entitled to equitable subrogation.

relation to the debt." *Citicorp Mortgage, Inc. v. Bancorpsouth Bank*, No. W2004-00332-COA-R3-CV, 2004 WL 2715278, at *3 (Tenn. Ct. App. Nov. 19, 2004) (citing *Castleman Constr. Co. v. Pennington*, 432 S.W.2d 669, 674 (Tenn. 1968)). The purpose of equitable subrogation is to provide an equitable adjustment between parties. *Id.* (citing *Castleman Constr. Co. v. Pennington*, 432 S.W. 2d at 675, and *Lawyers Title Ins. Corp. v. United Am. Bank*, 21 F. Supp. 2d 785, 792 n.2 (W.D. Tenn. 1998)). Subrogation should not be applied where "the equities of the parties are equal, where the parties' rights are not clear, or where it would prejudice the legal or equitable rights of another." *Id.* (citing *Lawyers Title Ins. Corp. v. United Am. Bank*, 21 F. Supp. 2d at 792). As part of the balancing of equities, the Court must consider the degree of negligence of the party seeking the remedy of subrogation. *Id.* While ordinary negligence or mistake alone may not bar subrogation, especially where the equities weigh in the favor of the party seeking subrogation, culpable negligence generally does bar this remedy. *See Dixon v. Morgan*, 285 S.W. 558, 562 (Tenn. 1926).

Even if equitable subrogation is available despite 11 U.S.C. § 547(e)(2), the facts here do not support its application. MERS voluntarily accepted assignment of this refinanced loan, and it must bear the responsibility for First Indiana's lack of diligence in timely recording the deed of trust, rather than the creditors of this estate. *See Limor v. Countrywide Home Loans (In re Mosley)*, Adv. No. 303-0485A, at *6 (citing *Boyd v. Superior Bank FSB (In re Lewis)*, 270 B.R. 215, 217).

## V. CONCLUSION

Accordingly, the Court finds that the Trustee's motion for summary judgment should be **GRANTED** and MERS' motion for summary judgment should be **DENIED**.

An appropriate order will enter.

MARIAN F. HARRISON
UNITED STATES BANKRUPTCY JUDGE